### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| MIKE CARLSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 4:13-cv-2739 |
| § | |
| GC SERVICES, LP. § | |
| § | |
| Defendant. § | |

### PLAINTIFF'S COMPLAINT

MIKE CARLSON ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP. ("Defendant"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.  Count II of Plaintiff' Complaint is based on Texas Statute, Financial Code, § 392.302 *et seq*. ("Texas Financial Code").

### JURISDICTION and VENUE

3.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.  Defendant conducts business in the State of Texas establishing personal jurisdiction.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Houston, Harris County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Financial Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Financial Code § 392.001(2).

9. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant attempted to collect an alleged debt from Plaintiff.

13. The alleged debt arose from transactions which were for personal, family and household purposes.

14. As part of its collection activities, Defendant placed telephone calls to Plaintiff at telephone number, (713) 776-65xx.

15. In July of 2013, Defendant made a telephone call to Plaintiff and left him a voicemail message.  *See* transcribed voicemail, attached hereto as Exhibit A.

16. In its voicemail message, Defendant asked Plaintiff to call (800) 926-3136, which is a number belonging to Defendant.  *See* Exhibit A.

17. Defendant left a voicemail message for Plaintiff which failed to meaningfully

2

disclose the caller's identity. *See* Exhibit A.

18. Defendant failed to inform Plaintiff that Defendant, or its employees, is a debt collector. *See* Exhibit A.

19. Defendant's message withheld the true nature of its call, to collect a debt, in order to deceive Plaintiff into calling Defendant.

20. Defendant uses deceptive voicemail messages in connection with its attempts to collect the alleged debt by not disclosing the purpose of its phone calls or that it is a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff;

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt;

    d. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt; and

    e. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its communication that it is a debt collector.

WHEREFORE, Plaintiff, MIKE CARLSON, respectfully requests judgment be entered against Defendant, GC SERVICES, LP. for the following:

3

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCIAL CODE

25. Defendant violated Texas Financial Code based on, but not limited to, the following:

    a. Defendant violated § 392.304(a)(19) of the Financial Code by using deceptive means to collect a debt.

WHEREFORE, Plaintiff, MIKE CARLSON, respectfully requests judgment be entered against Defendant, GC SERVICES, LP. for the following:

26. Injunctive relief pursuant to Texas Financial Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Financial Code.

27. Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b).

28. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: September 17, 2013

By: /s/ Ryan Lee
Ryan S. Lee
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 405
Los Angeles, CA 90025
(323) 988-2400 x241
(866) 861-1390 (fax)
Email: rlee@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, MIKE CARLSON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MIKE CARLSON hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_8/22/2013_  
Date

_MIKE CARLSON_  
MIKE CARLSON

5